■ JOAN STARKE et al., Appellants, v TOWN OF SMITHTOWN, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), entered June 21, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 22, 1985, the injured plaintiff, Joan Starke, went with her husband and daughter to Robert A. Brady Park which is owned and operated by the defendant Town of Smithtown. As she was walking past a softball field, escorting her daughter to the park's playground area, Mrs. Starke was struck by a softball, which had been accidentally overthrown by a player on the field, and she sustained a fractured wrist.

At the time she was struck, Mrs. Starke was walking along a fence approximately four feet in height. On the other side of this fence, and parallel to it, was the ballfield's baseline for first base. She had just passed the area of first base with the intention of walking around the backstop to reach her destination.

The Court of Appeals has set forth the standard of care to which ballpark proprietors will be held in protecting those in attendance at ballparks from the hazards inherent to the game. In order to balance the competing needs of safety and an unobstructed view of the field, it has been held that ballpark proprietors "need only provide screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest" *(see, Akins v Glens Falls City School Dist.,* 53 NY2d 325, 331). The adequacy of such protec-

tion has not been challenged in the instant case. Rather, the appellants claim that Mrs. Starke should be viewed as a nonspectator so that a higher standard of care was owed to her by the defendant. We disagree.

A review of the record reveals that an alternate means of ingress and egress to the playground area was available to the plaintiff. Having intentionally placed herself in close proximity to the ballfield, we find that the injured plaintiff was a spectator within the holding of *Akins v Glens Falls City School Dist. (supra; see also, Clark v Goshen Sunday Morning Softball League,* 122 AD2d 769, *affg* 129 Misc 2d 401). Therefore, no liability may be imposed upon the defendant for failing to provide additional screening along the baselines of the field *(see, Akins v Glens Falls City School Dist., supra,* at 332). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.