◼ STACEY ANN SHEEHAN, Respondent, v HICKSVILLE UNION FREE SCHOOL DISTRICT et al., Appellants. [645 NYS2d 181] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of defendant Syosset Central School District (Syosset) for summary judgment dismissing the complaint against it. The record establishes that plaintiff was cheerleading for defendant Hicksville Union Free School District (Hicksville) at a basketball game hosted by Syosset when she fell to the gymnasium floor. The record also establishes that plaintiff's cheerleading activities were not under the direct control and supervision of Syosset and that cheerleading activities were regularly performed on gymnasium floors. Thus, because Syosset did not conceal or unreasonably increase the risks assumed by plaintiff by her voluntary participation in an extracurricular athletic activity, it is not liable for plaintiff's injuries (*see, Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 656, 658; *Greenberg v North Shore Cent. School Dist. No. 1*, 209 AD2d 669; *Ferraro v Town of Huntington*, 202 AD2d 468).

We conclude, however, that the court properly denied the motion of defendant Hicksville for summary judgment dismissing the complaint against it because there is at least arguably a question of fact whether plaintiff's coach, an employee of Hicksville, failed to provide proper supervision of the cheerleading activities, thereby exposing plaintiff to unreasonably increased risks of injury (*see, Cody v Massapequa Union Free School Dist. No. 23*, 227 AD2d 368; *Baker v Briarcliff School Dist.*, 205 AD2d 652, 654-655). We therefore modify the order by granting the motion of Syosset for summary judgment dismissing the complaint against it, and we also dismiss the cross claim against it. (Appeals from Order of Supreme Court, Nassau County, Murphy, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.