WENDY KREIL, Respondent, v COUNTY OF NIAGARA et al., Appellants, et al., Defendant. [778 NYS2d 601]—

Appeals from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered March 31, 2003 in an action to recover damages for personal injuries. The order denied the motion of defendant Bill Campbell and the cross motion of defendants County of Niagara and Niagara County Department of Parks and Recreation for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion and the cross motion are granted and the

complaint against defendants Bill Campbell, County of Niagara and Niagara County Department of Parks and Recreation is dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when she was struck by a hammer thrown by defendant Bill Campbell during the hammer throw competition of the Scottish Highland Games (Games). Plaintiff was a spectator at the Games, which were conducted in a park owned by defendant County of Niagara and maintained by defendant Niagara County Department of Parks and Recreation (collectively, County defendants). Supreme Court erred in denying the motion of Campbell seeking summary judgment dismissing the complaint against him based upon the doctrine of primary assumption of risk. "In a suit against participants in a game, a spectator generally will be held to have assumed the risks inherent in the game, including the specific risk of being struck" (*Sutfin v Scheuer*, 145 AD2d 946, 947 [1988], *affd* 74 NY2d 697 [1989]; *see Honohan v Turrone*, 297 AD2d 705 [2002]; *Cuesta v Immaculate Conception R.C. Church*, 168 AD2d 411 [1990]). Campbell submitted proof establishing that the risk of being struck by a thrown hammer is "inherent in the sport and 'perfectly obvious' " (*Cannavale v City of New York*, 257 AD2d 462, 462 [1999], quoting *Morgan v State of New York*, 90 NY2d 471, 484 [1997]), and there is no evidence that Campbell engaged in any "reckless, intentional or other risk-enhancing conduct not inherent in the activity" (*Kaufman v Hunter Mtn. Ski Bowl*, 240 AD2d 371, 372 [1997], *lv denied* 91 NY2d 805 [1998]).

The court also erred in denying the cross motion of the County defendants seeking summary judgment dismissing the complaint against them. Those defendants established that they owed no duty to protect plaintiff "from 'the dangers inherent in the sport so far as they are obvious and necessary' " (*Heard v City of New York*, 82 NY2d 66, 71 [1993], *rearg denied* 82 NY2d 889 [1993], quoting *Curcio v City of New York*, 275 NY 20, 23-24 [1937], *rearg denied* 276 NY 610 [1937]). Further, those defendants established that they had no knowledge that the Games were being conducted in the park at issue, and thus they owed no duty to supervise the hammer throw competition (*see generally Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 201-202 [1976]; 1B NY PJI3d 1213 [2004]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.