■ SUSAN KOENIG et al., Appellants, v TOWN OF HUNTINGTON, Respondent. [782 NYS2d 92]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated September 16, 2003, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 14, 2000, the plaintiff Susan Koenig was watching her son's T-ball game at Field 61 located in Otsego Park in the

Town of Huntington. At the same time a baseball game was being played at an adjacent field, Field 39. During the course of watching her son on Field 61, a foul ball from Field 39 struck Koenig in the left eye.

Contrary to the plaintiffs' contention, the defendant established its entitlement to judgment as a matter of law based upon the doctrine of assumption of risk (*see Morgan v State of New York,* 90 NY2d 471 [1997]; *Honohan v Turrone,* 297 AD2d 705 [2002]). That doctrine is applicable where a plaintiff has placed himself or herself in close proximity to a ball field, particularly where the record shows that the plaintiff had viable alternatives to her own location (*see Starke v Town of Smithtown,* 155 AD2d 526 [1989]). The conclusory affidavit of the plaintiffs' expert that the design of Field 39 was negligent was insufficient to raise a triable issue of fact as to whether the defendant unreasonably increased the inherent risks of injury to a spectator at a ball field complex with more than one field upon which children were simultaneously practicing or playing baseball (*see Honohan v Turrone, supra; Starke v Town of Smithtown, supra*).

The plaintiffs' remaining contentions either are without merit or unpreserved for appellate review. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.