■ DAN TREVETT, Individually and as Parent and Legal Guardian of ADAM TREVETT, an Infant, Respondent, v CITY OF LITTLE FALLS, Appellant. [806 NYS2d 323]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered January 3, 2005. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action to recover for injuries sustained by his 16-year-old son, who collided with one of two poles supporting the backboard of an outdoor basketball court owned by defendant. According to plaintiff, defendant negligently placed the support poles too close to the end line of the basketball court, thereby creating a "collision hazard." Supreme Court erred in denying defendant's motion for summary judgment dismissing the amended complaint. Plaintiff's son "assumed the risks inherent in playing on the outdoor basketball court where he sustained his injuries, including those risks associated with the construction of the court and any open and obvious conditions on it" (*Walner v City of New York*, 243 AD2d 629, 629 [1997]; *see Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]; *Smith v Village of Hempstead*, 264 AD2d 413 [1999]). Here, the record establishes that the support poles were "clearly visible," and thus the risk of colliding with one of them "was the 'perfectly obvious' type of harm inherent in playing basketball on that court . . . and one [that plaintiff's son], an experienced basketball player, consented to by electing to participate in the activity" (*McKey v City of New York*, 234 AD2d 114, 115 [1996], quoting *Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Sykes v County of Erie*, 263 AD2d 947 [1999], *affd* 94 NY2d 912 [2000]; *Green v City of New York*, 263 AD2d 385 [1999]; *Sheridan v City of New York*, 261 AD2d 528 [1999]).

All concur except Green and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent. In our view, Supreme Court properly denied defendant's motion for summary judgment dismissing the amended complaint. By submitting, inter alia, the affidavit of an expert in opposition to the motion, plaintiff raised an issue of fact whether the design and placement of the two poles supporting the backboard of the basketball court "created a risk beyond those inherent in the sport of basketball" (*Stackwick v Young Men's Christian Assn. of Greater Rochester*, 242 AD2d 878, 879 [1997]). Plaintiff's submissions in opposition to the motion also raised an issue of fact whether the design and placement of the poles "caused or contributed to [the] injuries" sustained by plaintiff's son (*id.*). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.