*691 OPINION OF THE COURT
Thomas P. Aliotta, J.
Motion of defendant the City of New York for summary judgment and dismissal of the complaint is denied.
Plaintiff James Reyes brought this action to recover monetary damages for injuries he allegedly suffered on April 12, 2004, during a baseball game that took place on a city playground in Staten Island, New York. It is undisputed that plaintiff was coaching the St. Peter’s High School team from inside the third-base dugout when he was struck in the face by a foul ball. Plaintiffs wife, Geraldine Reyes, has pleaded a derivative cause of action. It is plaintiff’s theory that the City’s failure to properly maintain and repair protective fencing at the ball field, more particularly, that which should have been located between the entrance to the third-base dugout and home plate, was a proximate cause of his injury.
In moving to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]), the City contends that the claim is barred, e.g., by plaintiffs failure to allege that the fencing was defective in his notice of claim. Alternatively, the City seeks summary judgment on the ground that plaintiffs injuries are the product of an assumed risk inherent in the sport of baseball.
A notice of claim is legally sufficient if it provides the municipality with adequate information to conduct an investigation (see Palmieri v New York City Tr. Auth., 288 AD2d 361, 362 [2d Dept 2001] [citations omitted]). The operative standard is “whether, based on the claimant’s description, municipal authorities can locate the place, fix the time, and understand the nature of the accident” (Palmieri v New York City Tr. Auth., 288 AD2d at 362 [citations omitted]; see General Municipal Law § 50-e [6]). Here, since claimant’s notice adequately sets forth the location, time, and general nature of the accident to have permitted the City to fully investigate, it must be considered legally sufficient. In any event, the inadvertent failure to reference the fence in the notice of claim may be disregarded in this case without prejudice to the City (see General Municipal Law § 50-e [6]).
On a motion to dismiss for failure to state a cause of action (CPLR 3211 [a] [7]), “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. Whether a plaintiff can ultimately establish its allegations is *692 not part of the calculus” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005] [citations omitted]). Accordingly, since it is well settled that “a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, including [e.g.] the likelihood of injury to a third party” (Alexander v New York City Tr., 34 AD3d 312, 313 [1st Dept 2006] [citations omitted]), plaintiff has sufficiently stated a cause of action by alleging that the City “had actual and constructive knowledge of the inadequate protective fencing” that purportedly resulted in his injuries (cf. EBC I, Inc. v Goldman Sachs & Co., 5 NY3d at 16).
Turning to the “summary judgment” aspect of the City’s motion, it is familiar law that a “proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Once the movant has satisfied this burden, “the burden shifts to the [opponent] to lay bare his or her proof and demonstrate the existence of a triable issue of fact” (Chance v Felder, 33 AD3d 645, 645-646 [2d Dept 2006]; Zuckerman v City of New York, 49 NY2d 557 [1980]). In this regard, the court is enjoined to accept the evidence tendered by the opposing party as true, and “must deny the motion if there is even arguably any doubt as to the existence of a triable issue” (Fleming v Graham, 34 AD3d 525 [2d Dept 2006] [internal quotation marks omitted], quoting Baker v Briarcliff School Dist., 205 AD2d 652, 653 [2d Dept 1994]).
In actions, as here, predicated on injuries allegedly sustained during voluntary participation in a sporting or recreational event, the doctrine of primary assumption of risk operates as a measure of the duty of a landowner, e.g., “to exercise [reasonable] care to make the conditions as safe as they appear to be” (Turcotte v Fell, 68 NY2d 432, 439 [1986]; see Morgan v State of New York, 90 NY2d 471, 484 [1997]). In principle, the doctrine holds “that a voluntary participant in a sporting or recreational activity [is deemed to] consentí ] to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and which flow from such participation” (Joseph v New York Racing Assn., 28 AD3d 105, 108 [2d Dept 2006] [internal quotation marks omitted]). Pertinently, these risks have been held to include those “associated with the construction of the *693 playing surface and any open and obvious condition on it” (id.). Viewed from the perspective of the injured party’s skill and expertise, it is nevertheless unnecessary that the precise manner of injury be foreseen, so long as he or she was “aware of the potential for injury [by] the mechanism from which the injury results” (id.). “If the risks . . . are fully comprehended or perfectly obvious, [a] plaintiff [is deemed to have] consented to them and [the] defendant [is said to have] performed its duty” (Turcotte v Fell, 68 NY2d at 439). However, even knowledgeable participants will not be deemed to have assumed the risk of conditions that are “unique [or]
. . . over and above the usual dangers that are inherent in the [activity]” (Morgan v State, 90 NY2d at 485, quoting Owen v R.J.S. Safety Equip., 79 NY2d 967, 970 [1992]). This concept proceeds logically from the principle that a concealed or unreasonably increased risk cannot be “fully comprehended or [assumed]” (Joseph v New York Racing Assn., 28 AD3d at 108).
Here, defendant has made a prima facie showing of its entitlement to judgment as a matter of law by establishing that plaintiff, an experienced baseball player and coach, was aware of the risk of being struck by a foul ball while inside the third-base dugout. Plaintiff essentially conceded as much at his examination before trial.
Nonetheless, plaintiff avers in opposition to the motion that the fencing in front of this third-base dugout was inadequate to provide proper protection, and was in such a state of disrepair as to present a uniquely dangerous condition beyond that inherent in the sport itself. In support, plaintiff has submitted the affidavits of two experts who state that the absence of a fenced barrier between the entrance to the third-base dugout and home plate is not only violative of the accepted standards of playground safety, but served to create a uniquely hazardous condition that did not exist, e.g., on the first-base side of the baseball diamond, where just such a section of fence between the entrance to the dugout and home plate was in evidence. In addition, plaintiffs experts were unanimous in the opinion that the lack of protective fencing on the third-base side “significantly contributed” to plaintiffs injury.
In view of this unrebutted evidence, it is the opinion of this court that plaintiff has sufficiently raised triable issues of fact as to whether, e.g., the City is chargeable with knowledge of the lack of fencing, the effect of such knowledge upon its *694 obligation to exercise reasonable care under the circumstances, and/or the extent, if any, to which plaintiff should be deemed to have assumed the risk the increased hazard posed by this condition.
Accordingly, it is ordered that defendant’s motion is denied in its entirety.