■ James Reyes et al., Respondents, v City of New York, Appellant. [858 NYS2d 760]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 12, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is granted.

On April 12, 2004 the injured plaintiff, a former minor league baseball player, was coaching a baseball team playing a game on a baseball field located within one of the defendant's parks. The field had two dugouts. One dugout was along the first base line, and the other was along the third base line.

The dugout along the third base line, which the injured plaintiff's team was using, was actually a bench between the ballfield's fence and a 50-foot long fence running parallel to the third base line. Unlike the dugout behind the first base line, the injured plaintiff's dugout along the third base line did not have a fence in front of the side of the bench facing home plate.

During the third inning, when the injured plaintiff's team was at bat, the injured plaintiff was standing in his team's dugout. He allegedly was injured when he was struck by a foul ball that had been hit into the dugout. According to the injured plaintiff, that ball came through the "opening" or "entrance" between the fences on the side of the bench facing home plate.

The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. On its motion, the defendant, which demonstrated that the injured plaintiff was aware that foul balls had previously been hit into the dugout along the third base line, established its entitlement to judgment as a matter of law based upon the doctrine of primary assumption of the risk (*see Maddox v City of New York*, 66 NY2d 270, 277-278 [1985]; *Kirkland v Hall*, 38 AD3d 497 [2007]). In opposition, the plaintiffs failed to raise an issue of fact as to whether the injured plaintiff was subjected to an unassumed, concealed, or unreasonably increased risk (*see Sanchez v City of New York*, 25 AD3d 776, 777 [2006]). Rivera, J.P., Covello, Angiolillo and McCarthy, JJ., concur. [*See* 15 Misc 3d 690 (2007).]