Scott Muller et al., Individually and as Parents and Natural Guardians of Audrey Muller, an Infant, Respondents, v Spencerport Central School District, Appellant and Third-Party Plaintiff-Appellant. Catherine Boggs, Third-Party Defendant-Respondent. [865 NYS2d 455]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered September 21, 2007 in a personal injury action. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint and granted that part of the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action individually and as the parents of their daughter, a ninth-grade student who is a member of the junior varsity outdoor track and field team at Spencerport High School. At track practice, their daughter was struck in the head by a discus thrown by her teammate, third-party defendant, while plaintiffs' daughter was waiting for her turn to throw the discus. Supreme Court properly denied defendant's cross motion seeking summary judgment dismissing the complaint. We agree with defendant that it met its initial burden by establishing that the risk of being struck by a discus is a " 'perfectly obvious' " inherent risk in the sport (*Morgan v State of New York,* 90 NY2d 471, 484 [1997]), and that plaintiffs' daughter " 'assumed the [inherent] risks associated [with] this voluntary extracurricular sport' " (*D'Angelo v Board of Educ. of N. Tonawanda City School Dist.,* 300 AD2d 1078 [2002]; *see Marlowe v Rush-Henrietta Cent. School Dist.,* 167 AD2d 820 [1990], *affd* 78 NY2d 1096 [1991]; *Kreil v County of Niagara,* 8 AD3d 1001 [2004]). We conclude, however, that plaintiffs raised

a triable issue of fact whether defendant's coaching staff "failed to provide proper supervision of the [discus throwing] activities, thereby exposing [plaintiffs' daughter] to unreasonably increased risks of injury" (*Sheehan v Hicksville Union Free School Dist.*, 229 AD2d 1026 [1996]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]; *Royal v City of Syracuse*, 309 AD2d 1284 [2003]; *Gilbert v Lyndonville Cent. School Dist.*, 286 AD2d 896 [2001]).

We further conclude that the court properly granted that part of third-party defendant's motion seeking summary judgment dismissing the third-party complaint. Although it is well established that voluntary participants in sporting or recreational activities are not "deemed to have assumed the risks of reckless or intentional conduct" (*Morgan*, 90 NY2d at 485; *see Turcotte v Fell*, 68 NY2d 432, 439-440 [1986]), here there is no evidence in the record before us that third-party defendant's conduct was anything other than an unfortunate accident. Indeed, we note that defendant admitted in its bill of particulars that "[i]t is not believed that Third-Party [D]efendant's actions were malicious, wanton, or intentional." Thus, absent evidence that third-party defendant's conduct in throwing the discus was reckless or intentional, defendant's single cause of action in the third-party complaint, seeking indemnification from third-party defendant for her alleged culpable conduct, is without merit. Present—Martoche, J.P., Lunn, Fahey and Pine, JJ.