■ CASSANDRA WILLIAMS, Appellant, v CLINTON CENTRAL SCHOOL DISTRICT, Respondent. [872 NYS2d 262]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 9, 2007 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a senior in high school, commenced this action seeking damages for injuries she sustained when she fell while performing a stunt during cheerleading practice at school. We conclude that Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. Defendant met its initial burden by establishing as a matter of law that the action is barred based on the primary assumption of risk by plaintiff. Although defendant was "under a duty to exercise ordinary reasonable care to protect student athletes involved in extracurricular sports from unreasonably increased risks" (*Driever v Spackenkill Union Free School Dist.*, 20 AD3d 384, 384 [2005]; *see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]), the risks that are known and fully comprehended, open and obvious, inherent in the activity, and reasonably foreseeable are assumed by the student athlete (*see Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *Lamey v Foley*, 188 AD2d 157, 164 [1993]). Here, defendant established that "[t]he risk posed [to] plaintiff by performing her cheerleading routine on a bare wood gym floor, as opposed to a matted surface, was obvious" (*Traficenti v Moore Catholic High School*, 282 AD2d 216 [2001]), and thus that "plaintiff assumed the risks of the sport in which she voluntarily engaged" (*Fisher v Syosset Cent. School Dist.*, 264 AD2d 438, 439 [1999], *lv denied* 94 NY2d 759 [2000]). Plaintiff's submissions in opposition to the motion "consisted only of speculative and conclusory opinions to support the conclusion that the defendant[ ] had unreasonably increased the risks to the plaintiff by failing to

provide mats" (*DiGiose v Bellmore-Merrick Cent. High School Dist.*, 50 AD3d 623, 624 [2008]). Plaintiff's submissions therefore were insufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.