MARGARET LARSON, as Parent and Natural Guardian of KATIE L. DESAUTELS, an Infant, Respondent, v CUBA RUSHFORD CENTRAL SCHOOL DISTRICT et al., Appellants. [912 NYS2d 827]—

Appeal from an order of the Supreme Court, Allegany County (James E. Euken, A.J.), entered July 15, 2009 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter when she fell while performing a stunt during cheerleading practice. Following discovery, defendants moved for summary judgment dismissing the complaint based on the doctrine of primary assumption of the risk. We conclude that Supreme Court properly denied the motion. As defendants correctly contend, it is well established that, "by engaging in a sport or recreational activity, a partici-

pant consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484 [1997]). In addition, cheerleading is the type of athletic activity to which the doctrine of primary assumption of the risk applies (*see e.g. Williams v Clinton Cent. School Dist.*, 59 AD3d 938 [2009]; *Sheehan v Hicksville Union Free School Dist.*, 229 AD2d 1026 [1996]). That doctrine does not, however, shield defendants from liability for "exposing plaintiff['s daughter] to unreasonably increased risks of injury" (*Sheehan*, 229 AD2d 1026).

Defendants met their initial burden of establishing that the action is barred based on assumption of the risk by plaintiff's daughter, inasmuch as they submitted evidence demonstrating that she voluntarily participated in the stunt and that the risk of falling during the stunt was obvious. Nevertheless, plaintiff raised a triable issue of fact sufficient to defeat the motion (*see Ballou v Ravena-Coeymans-Selkirk School Dist.*, 72 AD3d 1323, 1325-1326 [2010]; *Sheehan*, 229 AD2d 1026). Plaintiff presented evidence with respect to the inexperience of defendant Kari Feuchter as a cheerleading coach, as well as her alleged failure to utilize proper coaching techniques and to monitor the activities of the team members during practice. In our view, that evidence was sufficient to raise a triable issue of fact whether Feuchter "failed to provide proper supervision of the cheerleading activities, thereby exposing plaintiff['s daughter] to unreasonably increased risks of injury" (*Sheehan*, 229 AD2d 1026; *see Muller v Spencerport Cent. School Dist.*, 55 AD3d 1388 [2008]; *Garman v East Rochester School Dist.*, 46 AD3d 1354 [2007]). It will thus be for the trier of fact to determine whether the doctrine of primary assumption of risk bars plaintiff's claims. Present—Smith, J.P., Fahey, Lindley, Sconiers and Gorski, JJ.