■ CATHERINE R. REIDY et al., Appellants, v JEFF S. RAMAN et al., Respondents. [924 NYS2d 581]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated March 11, 2010, which granted the separate motions of the defendants Jeff S. Raman and One Stop Party Rental, Inc., and the defendant Lindenhurst Sport Club, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Catherine R. Reidy injured her ankle while sliding down an inflatable slide owned by the defendant One Stop Party Rental, Inc., and erected at an event sponsored by the defendant Lindenhurst Sport Club, Inc. (hereinafter LSC). The injured plaintiff and her husband, suing derivatively, commenced this action against One Stop Party Rental, Inc., and Jeff S. Raman, its owner (hereinafter together One Stop), and LSC. One Stop and LSC separately moved for summary judgment dismissing the complaint insofar as asserted against each of them on the ground, inter alia, that the action was barred by the doctrine of assumption of risk. The Supreme Court granted the motions. We affirm.

"A plaintiff is barred from recovery for injuries which occur during voluntary sporting or recreational activities if it is determined that he or she assumed the risk as a matter of law" (*Leslie v Splish Splash at Adventureland*, 1 AD3d 320, 321 [2003]; *see Morgan v State of New York*, 90 NY2d 471 [1997]). A voluntary participant in a recreational activity consents to those commonly-appreciated risks which are inherent in and arise out of the nature of such activity generally, and which flow from the participation (*see Morgan v State of New York*, 90 NY2d at 484; *Leslie v Splish Splash at Adventureland*, 1 AD3d at 321).

"[A]thletic and recreative activities possess enormous social value, even while they involve significantly heightened risks . . . these risks may be voluntarily assumed to preserve these beneficial pursuits as against the prohibitive liability to which they would otherwise give rise" (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]).

One Stop and LSC demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the injured plaintiff understood and voluntarily assumed the risks inherent in the activity at issue (*see Leslie v Splish Splash at Adventureland*, 1 AD3d at 321; *cf. Trupia v Lake George Cent. School Dist.*, 14 NY3d 392 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, they did not raise a triable issue of fact as to the existence of a dangerous condition over and above the risk inherent in the subject activity (*see Leslie v Splish Splash at Adventureland*, 1 AD3d at 321; *Loewenthal v Catskill Funland*, 237 AD2d 262, 263 [1997]). Furthermore, the plaintiffs' expert report and affidavit submitted in opposition to the motions did not raise a triable issue of fact because the expert was not qualified to render an opinion as to the condition of the inflatable slide (*see Kasner v Pathmark Stores, Inc.*, 18 AD3d 440, 441 [2005]). In any event, the expert's conclusions were speculative (*see Leslie v Splish Splash at Adventureland*, 1 AD3d at 321; *Van Skyock v Burlington N.-Santa Fe Co.*, 265 AD2d 545, 546 [1999]).

Accordingly, the Supreme Court properly granted the separate motions of One Stop and LSC for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.