██ PAMELA RUECKERT, Appellant, v GAIL COHEN, Respondent. [983 NYS2d 894]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered May 24, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On April 23, 2009, the plaintiff was conducting a personal training session with a nonparty client in an indoor swimming pool at a facility where the plaintiff was employed. The defendant, who was swimming laps in the same lane as that in which the plaintiff was conducting her session, struck the back of the plaintiff's right knee with her foot while turning within the lane in order to head in the opposite direction. It was undisputed that, at the time of the accident, the pool was open for free swim.

The plaintiff commenced the instant action against the defendant to recover damages for personal injuries allegedly sustained as a result of negligence, and the torts of assault and battery. The defendant moved for summary judgment dismissing the complaint on grounds that the plaintiff voluntarily assumed the risk of contact with another swimmer when she entered the pool, and that the contact between the two was accidental and unintentional. The Supreme Court granted the motion.

The doctrine of primary assumption of risk is based on the principle that athletic and recreational activities possess enormous social value, even though they involve significantly heightened risks (see *Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 395 [2010]). Thus, " '[a] plaintiff is barred from recovery for injuries which occur during voluntary sporting or recreational activities if it is determined that he or she assumed the risk as a matter of law' " (*Reidy v Raman*, 85 AD3d 892, 892 [2011], quoting *Leslie v Splish Splash at Adventureland*, 1 AD3d 320, 321 [2003]; *see Morgan v State of New York*, 90 NY2d 471 [1997]). Participants are not deemed to have assumed the

risks of reckless or intentional conduct, or concealed or unreasonably increased risks (*see Joseph v New York Racing Assn.*, 28 AD3d 105, 108 [2006]). However, by voluntarily engaging in a sport or recreational activity, a participant assumes, or consents to, the commonly appreciated risks that are inherent in and arise out of the activity generally, and which flow from the participation (*see Morgan v State of New York*, 90 NY2d at 484; *Reidy v Raman*, 85 AD3d at 892; *Reyes v City of New York*, 51 AD3d 996 [2008]). An incidental collision or contact between persons confined to a pool lane during a free swim is an inherent risk of the activity (*see Bleyer v Recreational Mgt. Serv. Corp.*, 289 AD2d 519 [2001]; *Kleiner v Commack Roller Rink*, 201 AD2d 462 [1994]).

The defendant established, prima facie, that her conduct was not intentional or reckless but, rather, constituted an incidental contact between swimmers. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant's actions in striking the plaintiff's knee with her foot were reckless or intentional in nature (*cf. Filippazzo v Kormoski*, 75 AD3d 618 [2010]). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Lott, Miller and Hinds-Radix, JJ., concur.
**[Prior Case History: 2012 NY Slip Op 31488(U).]**