# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1302/14
CA 14-00783
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

KURT T. JURGENSEN, AS PARENT AND NATURAL
GUARDIAN OF JAYNA R. JURGENSEN, AN INFANT,
AND KURT T. JURGENSEN, INDIVIDUALLY,
PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

WEBSTER CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER,
UNIONDALE (CHRISTINE GASSER OF COUNSEL), FOR DEFENDANT-APPELLANT.

THE PALMIERE LAW FIRM, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered December 5, 2013. The order denied defendant's motion for summary judgment dismissing plaintiff's amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint is dismissed.

Memorandum: Plaintiff, individually and as parent and natural guardian of his daughter, commenced this action seeking damages for injuries sustained by his daughter at high school during a varsity cheerleading practice. Plaintiff's daughter (hereafter, daughter) was injured while working with her teammates on a choreographed stunt that involved two cheerleaders, referred to as "bases," throwing plaintiff's daughter, the "flyer," into the air and then catching her as she came down in a horizontal position. On the day in question, the daughter and her teammates successfully completed the stunt without incident on their first attempt. During the second attempt, however, the daughter felt intense pain in her knee when the bases threw her into the air. The daughter curled herself into a ball while airborne, whereupon the two bases caught her and placed her on the mat. It was later determined that the daughter sustained a torn anterior cruciate ligament in her knee. According to the daughter, the injury occurred because one of the bases, i.e., another teammate, was practicing that day with a sprained ankle, which somehow caused the teammate to hold on to the daughter's foot for too long before throwing the daughter into the air.

In his amended complaint, plaintiff alleges that defendant school district was negligent in allowing the teammate to participate in practice. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the amended complaint, contending that the action is barred by the doctrine of assumption of risk. We conclude that Supreme Court erred in denying the motion. It is well settled that, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; see *Larson v Cuba Rushford Cent. Sch. Dist.*, 78 AD3d 1687, 1687-1688). We have previously held that cheerleading is the type of athletic endeavor to which the doctrine of assumption of the risk applies (*see e.g. Williams v Clinton Cent. Sch. Dist.*, 59 AD3d 938, 938; *Sheehan v Hicksville Union Free Sch. Dist.*, 229 AD2d 1026, 1026). That doctrine does not, however, shield defendants from liability for exposing participants to unreasonably increased risks of injury (*see Sheehan*, 229 AD2d at 1026).

Here, although plaintiff acknowledges that his daughter voluntarily assumed the risks inherent in participating in cheerleading, he contends that defendant, by negligently allowing the teammate to practice with an injured ankle, increased the risk of injury to his daughter, and that his daughter did not voluntarily assume that concealed risk. The record establishes, however, that the daughter admittedly was aware that the teammate had injured her ankle and that she had not been cleared to practice by the trainer. Moreover, the daughter testified that she practiced the stunt with the teammate on the day in question before she tore her ACL, and that she noticed that the base—anchored partially by the teammate—felt "a little more shaky" than usual. As a result of the "shaky" base, the daughter asked the teammate if the teammate should continue to practice on the injured ankle. The daughter further testified that, although she believed that the teammate was injured and that the teammate's ankle made the base shaky, she continued to practice with the teammate because she "didn't think it was that big of a deal."

We agree with defendant that the daughter's practicing with the teammate while knowing that the teammate had an injured ankle is analogous to a cheerleader practicing without a mat (*see Williams*, 59 AD3d at 938), or to an athlete playing on a field that is in less than perfect condition (*see Stadelmaier v Town of Tonawanda*, 2 AD3d 1369, 1370; *see also Trevett v City of Little Falls*, 24 AD3d 1197, 1198, *affd* 6 NY3d 884, *rearg denied* 7 NY3d 845). We therefore conclude that defendant established as a matter of law that this action is barred by the doctrine of assumption of risk, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 20, 2015                         Frances E. Cafarell
                                                 Clerk of the Court