# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**335**
**CA 14-01705**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

JILL SAVAGE AND CRAIG SAVAGE,
PLAINTIFFS-RESPONDENTS,

              V                        MEMORANDUM AND ORDER

KAREN BROWN, TRACY BROWN,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (RYON D. FLEMING OF COUNSEL), FOR DEFENDANT-APPELLANT KAREN BROWN.

CHELUS HERDZIK SPEYER & MONTE, P.C., BUFFALO (KATIE L. RENDA OF COUNSEL), FOR DEFENDANT-APPELLANT TRACY BROWN.

SCHNITTER CICCARELLI MILLS PLLC, EAST AMHERST (BRITTANY A. NASRADINAJ OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered April 15, 2014. The order, inter alia, denied the motions of defendants Karen Brown and Tracy Brown for summary judgment dismissing the complaint against them.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions are granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she was struck in the legs by a sled on property owned by defendants Karen Brown, Patrick Walsh and Holly Walsh (property owners). Defendant Tracy Brown, Karen's daughter, was on the sled with another person when it struck plaintiff. With the consent of the property owners, Tracy held a birthday party for herself at the property and invited approximately 15 guests, including plaintiff, who were informed that people would be sledding at the party. At the time of the accident, plaintiff was standing on the side of the hill watching the sledding. Following joinder of issue and discovery, Tracy and the property owners moved separately for summary judgment dismissing the complaint against them based on the doctrine of assumption of the risk. The property owners contended in the alternative that they are entitled to immunity under General Obligations Law § 9-103. We conclude that Supreme Court erred in denying the motions.

It is well settled that, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*, 90 NY2d 471, 484; *see Larson v Cuba Rushford Cent. Sch. Dist.*, 78 AD3d 1687, 1687-1688). The doctrine does not, however, shield defendants from liability for exposing participants to unreasonably increased risks of injury (*see Sheehan v Hicksville Union Free Sch. Dist.*, 229 AD2d 1026, 1026). To establish the defense, "a defendant must show that [the] plaintiff was aware of the defective or dangerous condition and the resultant risk, although it is not necessary to demonstrate that [the] plaintiff foresaw the exact manner in which his [or her] injury occurred" (*Lamey v Foley*, 188 AD2d 157, 164, citing *Maddox v City of New York*, 66 NY2d 270, 278). As defendants correctly note, " '[i]n a suit against participants in [an applicable activity], a spectator generally will be held to have assumed the risks inherent in the [activity], including the specific risk of being struck' " (*Kreil v County of Niagara*, 8 AD3d 1001, 1002; *see Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 247-248, *affd* 10 NY3d 889; *Muller v Spencerport Cent. Sch. Dist.*, 55 AD3d 1388, 1388; *Procopio v Town of Saugerties*, 20 AD3d 860, 861, *lv denied* 5 NY3d 716). For instance, it has been held that a spectator at a baseball game assumes the risk of being struck by a foul ball (*see Koenig v Town of Huntington*, 10 AD3d 632, 632-633).

Here, we similarly conclude that, by standing on the side of the hill while watching other people sledding, plaintiff assumed the risk of being struck by a sled. Plaintiff testified at her deposition that she had been sledding earlier in the day, and that she knew that the sleds went "fast, very, very fast" on that hill. Moreover, earlier in the day plaintiff observed someone else at the party lose control of her sled and crash into a snow bank, and she saw a sled strike another person. Plaintiff's sole argument in opposition to the motions was that she did not assume the risk of being struck by a sled because she was standing off to the side of the hill in an area where sleds were unlikely to go. That argument, however, is belied by plaintiff's deposition testimony that the sled was going straight down the hill "until the very end," and that she did "not even have a split second to react."

In light of our determination that the motions must be granted based on the doctrine of assumption of the risk, we need not address the property owners' alternative contention that they are immune from liability under General Obligations Law § 9-103.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court