■ HODA SPITERI et al., Appellants, v LAURA BISSON, as Administratrix of the Estate of EDWARD T. BISSON, JR., Deceased, et al., Respondents. [20 NYS3d 429]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated April 29, 2013, (2), as limited by their brief, from so much of an amended order of the same court dated May 16, 2013, as granted those branches of the motion of the defendant Charles William Schwalbe, as guardian ad litem for the infant Ed Bisson, the separate motion of the defendant Town of Babylon, and the separate motion of the defendants Laura Bisson, as administrator of the estate of Edward T. Bisson, Jr., North Babylon Athletic Club, Inc., Suffolk County Police Athletic League, Inc., and North Babylon Lacrosse, which were for summary judgment dismissing the complaint insofar as asserted against each of them, (3) from a judgment of the same court dated May 21, 2013, which, upon the amended order, is in favor of the defendants Laura Bisson, as administrator of the estate of Edward T. Bisson, Jr., North Babylon Athletic Club, Inc., Suffolk County Police Athletic League, Inc., and North Babylon Lacrosse and against the plaintiffs, dismissing the complaint insofar as asserted against those defendants, and (4) from a judgment of the same court dated July 8, 2013, which, upon the amended order, is in favor of the defendant Charles William Schwalbe, as guardian ad litem for the infant Ed Bisson, and against the plaintiffs, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from so much of the amended order as granted those branches of the motion of the defendant Charles William Schwalbe, as guardian ad litem for the infant Ed Bisson, and the separate motion of the defendants Laura Bisson, as administrator of the estate of Edward T. Bisson, Jr., North Babylon Athletic Club, Inc., Suffolk County Police Athletic League, Inc., and North Babylon Lacrosse, which were for summary judgment dismissing the complaint insofar as asserted against each of them is dismissed; and it is further,

Ordered that the amended order is affirmed insofar as reviewed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the order must be dismissed because it was superseded by the amended order. The appeal from so much of the amended order as granted those branches of the motion of the defendant Charles William Schwalbe, as guardian ad litem for the infant Ed Bisson, and the separate motion of the defendants Laura Bisson, as administrator of the estate of Edward T. Bisson, Jr., North Babylon Athletic Club, Inc., Suffolk County Police Athletic League, Inc., and North Babylon Lacrosse, which were for summary judgment dismissing the complaint insofar as asserted against each of them must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the amended order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

On May 19, 2009, a lacrosse team made up of fifth and sixth grade boys was scheduled to have a practice at 7:30 p.m. on an athletic field maintained by the Town of Babylon. The field was surrounded by a fence. At about 7:00 p.m., members of the team were warming up by throwing lacrosse balls to each other and into a net located in front of the fence. At that time, the injured plaintiff entered the field and began to jog around its perimeter. During the injured plaintiff's second lap around the field, as she approached the net, she was struck by a lacrosse ball thrown by one of the boys. The injured plaintiff, and her husband suing derivatively, commenced this action against several defendants, including the Town and the boy who threw the ball.

Pursuant to the doctrine of primary assumption of risk, a participant in a sport or recreational activity consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation (*see Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]; *Anand v Kapoor*, 15 NY3d 946, 947-948 [2010]; *Morgan v State of New York*, 90 NY2d 471, 484 [1997]). This doctrine also applies to spectators or bystanders who place themselves in close proximity to a playing field (*see Roberts v Boys & Girls Republic, Inc.*, 51 AD3d 246, 247-248 [2008], *affd* 10 NY3d 889 [2008]; *Koenig v Town of Huntington*, 10 AD3d 632, 633 [2004]; *Sutton v Eastern N.Y. Youth Soccer Assn., Inc.*, 8 AD3d 855, 857 [2004]; *Starke v Town of Smithtown*, 155 AD2d 526, 527 [1989]).

Here, the defendants established, prima facie, that by entering the fenced-off field where players were warming up for lacrosse practice, and jogging around the perimeter of the field where lacrosse balls were being thrown between the players and into the net, the injured plaintiff assumed the risk of being struck by a lacrosse ball (*see Roberts v Boys & Girls Republic, Inc.*, 51 AD3d at 247-248; *Koenig v Town of Huntington*, 10 AD3d at 633; *Sutton v Eastern N.Y. Youth Soccer Assn., Inc.*, 8 AD3d at 857; *Starke v Town of Smithtown*, 155 AD2d at 527). The defendants further established, prima facie, that they did not unreasonably increase this risk of being struck by a lacrosse ball (*see Anand v Kapoor*, 15 NY3d at 948; *Fintzi v New Jersey YMHA-YWHA Camps*, 97 NY2d 669, 670 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.