McKay v Rockland Gaelic Athletic Assn., Inc. (2020 NY Slip Op 05739)





McKay v Rockland Gaelic Athletic Assn., Inc.


2020 NY Slip Op 05739


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-10546
 (Index No. 30058/16)

[*1]Emily McKay, et al., appellants, 
v
Rockland Gaelic Athletic Association, Inc., et al., respondents.


Clark, Gagliardi & Miller, P.C., White Plains, NY (John S. Rand of counsel), for appellants.
Craig P. Curcio, Middletown, NY (Kirby J. Smith of counsel), for respondent Rockland Gaelic Athletic Association, Inc.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondent Noel C. Cronin.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated September 18, 2017. The order granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff Emily McKay (hereinafter the plaintiff) allegedly was injured on the grounds of the defendant Rockland Gaelic Athletic Association, Inc. (hereinafter GAA), by an errant sheaf tossed by the defendant Noel C. Cronin during a sheaf-tossing competition. In sheaf tossing, the participant sticks a pitchfork into a sheaf, a burlap bag containing hay or grass, and tries to throw it over a crossbar, which is raised in successive rounds.
The plaintiff and her husband, suing derivatively, commenced this action against the defendants, inter alia, to recover damages for personal injuries. After discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' separate motions, and the plaintiffs appeal.
We agree with the Supreme Court's determination to grant the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. "The doctrine of primary assumption of the risk applies not only to participants in a qualified activity, but also to bystanders or spectators who have placed themselves in close proximity to it" (M.F. v Jericho Union Free Sch. Dist., 172 AD3d 1056, 1058; see Spiteri v Bisson, 134 AD3d 799, 801; Cocco v City of New York, 114 AD3d 617, 617; Roberts v Boys & Girls Republic, Inc., 51 AD3d 246, 248, affd 10 NY3d 889; Koenig v Town of Huntington, 10 AD3d 632, 633; Sutton v Eastern N.Y. Youth Soccer Assn., Inc., 8 AD3d 855, 857). "[T]he spectator at a sporting event, no less than the participant, 'accepts the dangers that inhere in it so far as they are obvious and [*2]necessary'" (Akins v Glens Falls City School Dist., 53 NY2d 325, 329, quoting Murphy v Steeplechase Amusement Co., 250 NY 479, 482).
Here, the defendants established, prima facie, that the plaintiff assumed the risk of being struck by a sheaf, as the risk of being hit by a thrown sheaf is obvious and inherent in a sheaf-throwing competition (see Spiteri v Bisson, 134 AD3d at 801; Savage v Brown, 128 AD3d 1343, 1344; Roberts v Boys & Girls Republic, Inc., 51 AD3d at 248; Kreil v County of Niagara, 8 AD3d 1001, 1002). The GAA further established, prima facie, that it did not unreasonably increase the risk of being struck by a sheaf (see Spiteri v Bisson, 134 AD3d at 801), and Cronin established, prima facie, that his conduct was not intentional or reckless (see Rueckert v Cohen, 116 AD3d 1026, 1027; Kreil v County of Niagara, 8 AD3d at 1002). In opposition, the plaintiffs failed to raise a triable issue of fact.
BALKIN, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court