Puccio v Boy Scouts of Am. (2022 NY Slip Op 00788)





Puccio v Boy Scouts of Am.


2022 NY Slip Op 00788


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, AND WINSLOW, JJ.


1108 CA 21-00229

[*1]TODD PUCCIO AND SUSAN PUCCIO, PLAINTIFFS-APPELLANTS,
v
BOY SCOUTS OF AMERICA, GREATER NIAGARA FRONTIER COUNCIL OF THE BOY SCOUTS OF AMERICA, CUB SCOUT PACK 601, BOWMANSVILLE FIRE CO., INC., MICHAEL FRYS, THOMAS DOERING, DON GRANDE, JOSEPH T., BENJAMIN C. AND CONNOR C., DEFENDANTS-RESPONDENTS. 






RICOTTA, MATTREY, CALLOCCHIA, MARKEL & CASSERT, BUFFALO (BRYAN DANIELS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
STILLWELL MIDGLEY VISCO, BUFFALO (DAVID M. STILLWELL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS BOY SCOUTS OF AMERICA, GREATER NIAGARA FRONTIER


 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered July 29, 2019. The order granted the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Todd Puccio (plaintiff) while sledding at an event organized by a Cub Scout Pack (Pack) for its members and their families. Plaintiff, a den leader for the Pack, attended the event with his son, who was a member of the Pack at the time. Approximately one hour into the event, plaintiff sledded down a hill to retrieve a sled left at the bottom of the hill by his son and, when his sled came to a stop and he attempted to get off of it, he was struck in the face by a boot of a minor participant who was sledding down the hill. All defendants except defendant Cub Scout Pack 601, which was alleged not to be a legal entity (moving defendants) moved for summary judgment seeking, inter alia, dismissal of the complaint against them, and Supreme Court granted the motions. We affirm.
It is well settled that, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484 [1997]; see Savage v Brown, 128 AD3d 1343, 1343 [4th Dept 2015]). "As a general rule, participants properly may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 439 [1986]). Thus, "primary assumption of the [*2]risk applies when a consenting participant in a qualified activity 'is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks' " (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]). "[A]wareness of risk is not to be determined in a vacuum [but] . . . is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (Maddox v City of New York, 66 NY2d 270, 278 [1985]; see Turcotte, 68 NY2d at 440).
Plaintiff testified that he had sledded prior to the event, he had observed the sledding activity for an hour prior to the accident and had instructed his son to watch out for sleds coming down the hill as he walked back up the hill, and he knew he must go to an area where people could be sledding down the hill, in order to retrieve his son's sled. The court here properly determined that plaintiff assumed the risk of being struck by another participant while sledding (see Savage, 128 AD3d at 1344).
Plaintiffs contend that defendants unreasonably increased the risks of injury by failing to follow certain safety protocols, such as supervising the sledding activity. The doctrine of primary assumption of the risk "does not . . . shield defendants from liability for exposing participants to unreasonably increased risks of injury" (id. at 1343; see Morgan, 90 NY2d at 485; Jurgensen v Webster Cent. Sch. Dist., 126 AD3d 1423, 1424 [4th Dept 2015]). We conclude, however, that the moving defendants met their initial burden, and plaintiffs failed to raise a triable issue whether plaintiff was subjected to unreasonably increased risks (see Conrad v Holiday Val., Inc., 187 AD3d 1520, 1521-1522 [4th Dept 2020]; Swan v Town of Grand Is., 234 AD2d 934, 935 [4th Dept 1996]; cf. Ulin v Hobart & William Smith Colls., 158 AD3d 1298, 1298-1299 [4th Dept 2018]). Plaintiff was an individual in the same role and with the same supervisory responsibilities as those defendants who he claims failed to provide proper supervision. He testified that he did not instruct the participants regarding any sledding safety rules. He was well aware that there were no official supervisors instructing the children on safe sledding techniques, and he decided to sled down the hill regardless (see generally Jurgensen, 126 AD3d at 1424). Inasmuch as "the risks of the activity [were] fully comprehended or perfectly obvious, plaintiff has consented to them and defendant[s] [have]
performed [their] duty" (Turcotte, 68 NY2d at 439; see Morgan, 90 NY2d at 484).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court