Hurst v State of New York
2026 NY Slip Op 03574
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

STEPHANIE L. HURST AND RHYLAN C. HURST, CLAIMANTS-APPELLANTS,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 135775.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
372 CA 25-01121
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

MAXWELL MURPHY, LLC, BUFFALO (CHRISTOPHER M. BORGATTI OF COUNSEL), FOR CLAIMANTS-APPELLANTS.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (WILLIAM M. HAYES OF COUNSEL), FOR DEFENDANT-RESPONDENT.

Appeal from a judgment of the Court of Claims (Stephanie Saunders, J.), entered January 7, 2025, in a personal injury action. The judgment dismissed claimants' claim.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced this action seeking damages for injuries sustained by Stephanie L. Hurst (claimant) in a snow tubing accident that took place in a state park. Following a bifurcated trial on liability, the Court of Claims dismissed the claim, determining that claimant assumed the risk of injury and that defendant was immune from liability pursuant to General Obligations Law § 9-103. Claimants appeal, and we affirm.
" '[O]n a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (Black v State of New York [appeal No. 2], 125 AD3d 1523, 1525 [4th Dept 2015]), and, here, we cannot say that the court's determination with respect to the assumption of risk could not have been reached under any fair interpretation of the evidence (see generally Graham v State of New York, 161 AD3d 1586, 1586-1587 [4th Dept 2018]).
The evidence at trial established that claimant had sledded at the park several times prior to the date of the accident. On the day of the accident, claimant went down the hill on a snow tube without incident. On her second run, which she took with her daughter, the snow tube veered toward the left and struck a pile of snow at the bottom of the hill, adjacent to a paved turnaround circle for vehicular traffic. The snow piles had been created by plowing of the turnaround circle. Claimant became airborne and sustained injuries when she landed on the pavement.
"Under the primary assumption of risk doctrine, [a] person who chooses to participate in a sport or recreational activity consents to certain risks that are inherent in and arise out of the nature of the sport generally and flow from such participation" (Katleski v Cazenovia Golf Club, Inc., 44 NY3d 212, 218 [2025] [internal quotation marks omitted]; see Morgan v State of New York, 90 NY2d 471, 484 [1997], rearg denied 90 NY2d 936 [1997]). " '[I]t is not necessary to the application of assumption of risk that the injured [claimant] have foreseen the exact manner in which [their] injury occurred, so long as [they are] aware of the potential for injury of the mechanism from which the injury results' " (Grady v Chenango Val. Cent. Sch. Dist., 40 NY3d 89, 95 [2023]; see Maddox v City of New York, 66 NY2d 270, 278 [1985]). A participant is not, however, deemed to have assumed "risks that are concealed or unreasonably enhanced" (Custodi v Town of Amherst, 20 NY3d 83, 88 [2012]).
Here, the risk of hitting a snowbank and being propelled in the air "was a reasonably foreseeable consequence" of claimant's participation in the recreational activity of sledding (Tremblay v West Experience, 296 AD2d 780, 781 [3d Dept 2002]; see Reyes v City of New York, 181 AD3d 422, 422 [1st Dept 2020]). Contrary to claimants' contention, the court's determination that the snow piles, which were an open and obvious condition, did not unreasonably enhance that risk is supported by a fair interpretation of the evidence (see generally Trevett v City of Little Falls, 24 AD3d 1197, 1198 [4th Dept 2005], affd 6 NY3d 884 [2006], rearg denied 7 NY3d 845 [2006]; Reyes, 181 AD3d at 422).
In light of our determination, we do not address claimants' remaining contentions.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court