■ Morvin R. Clark et al., Appellants, v Goshen Sunday Morning Softball League et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Delaney, J.), entered August 20, 1985, which granted the defendants' motion for summary judgment and dismissed the complaint.

Order affirmed, without costs or disbursements.

The plaintiff Morvin R. Clark brought his adult son to the Erie Street Field to introduce him to the players whom his son intended to join in a game of softball. The field has bleachers for spectators behind a back stop that is 10 feet high behind home plate but does not extend around the field. After the introductions, Mr. Clark stood leaning with his elbows on the outside of a fence parallel to the third base line while talking to some friends. The defendant Delgado and another player were warming up, throwing a ball back and forth between the fence and the third base line. A throw by Delgado was missed by the other player to whom it was thrown, and it struck Mr. Clark in the eye, causing serious injuries.

The plaintiffs sued the defendants, alleging that Mr. Clark's injuries were caused by their negligence in failing to warn him of possible danger and failing to conduct their warm-up in a safe manner so as to avoid the risk of injury to people outside the field. Special Term granted the defendants' motion for summary judgment and dismissed the complaint, finding that, on the undisputed facts, the defendants had violated no duty of care owed to Mr. Clark in these circumstances. We agree.

In *Akins v Glens Falls City School Dist.* (53 NY2d 325, 331), the Court of Appeals formulated the rule that "where a proprietor of a ball park furnishes screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest and that screening is of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game, the proprietor fulfills the duty of care imposed by law and, therefore, cannot be liable in negligence". The policy underlying *Akins* and subsequent decisions concerning sports-spectator injuries dictates an affirmance of Special Term's order dismissing the complaint. The plaintiffs herein raise no issue concerning the adequacy of the screened bleacher area behind home plate nor any claim that he was unable to avail himself of its protection. Neither a ball park owner, a player, nor a league is required to be an insurer of a spectator's safety when he chooses to stand in an unprotected area *(see, Akins v Glens Falls City School Dist., supra,* at pp 331-332; *Davidoff v Metropolitan Baseball Club,* 61 NY2d 996, 998; *Clapman v City of New York,* 63 NY2d 669; *Gilchrist v City of Troy,* 67 NY2d 1034). Mollen, P. J., Thompson, Brown and Rubin, JJ., concur. *[See,* 129 Misc 2d 401.]