■ THEOBALDO GUCE, Respondent, v STATE OF NEW YORK, Appellant. [637 NYS2d 483] —In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the State of New York appeals, as limited by its brief, from so much of an order of the Court of Claims (Blinder, J.), entered July 15, 1994, as denied its motion to dismiss the claim.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, and the claim is dismissed.

The State moved to dismiss the claim for unjust conviction and imprisonment under Court of Claims Act § 8-b on the ground that the claimant failed to comply with the statutory pleading requirements. The claimant presented documentary evidence that he was convicted, *inter alia,* of rape in the first degree in 1988 for an act involving his five-year-old daughter *(see, People v Guce,* 164 AD2d 946), that his subsequent habeas corpus petition in Federal court was granted by stipulation in September 1992, and that the indictment was dismissed the next month. The habeas corpus petition was based on seven grounds, some of which were previously raised on the direct appeal from his conviction. The reasons for the State's decision to enter into the stipulation in Federal court and for the dismissal of the indictment do not appear in the record.

Court of Claims Act § 8-b (3) requires a claimant, *inter alia,* to provide documentary evidence establishing that his conviction was reversed and the indictment was dismissed on certain enumerated grounds found in CPL 440.10 (1) and 470.20. The court denied the State's motion to dismiss the claim on the ground that no explanation had been provided by either party for the vacatur of the claimant's conviction and for the dis-

missal of the indictment. The court further granted the State the right to renew its motion if it could provide the necessary documentary evidence. We conclude that this was error. To defeat a motion to dismiss, the statute places the burden on the claimant to provide the requisite documentary evidence *(see, e.g., McFadden v State of New York,* 151 AD2d 730; *Forest v State of New York,* 150 AD2d 214; *Heiss v State of New York,* 143 AD2d 67; *cf., Ivey v State of New York,* 80 NY2d 474). As the claimant failed to present documentary evidence to establish that his conviction was vacated and that the indictment was dismissed on one of the grounds enumerated in Court of Claims Act § 8-b, the State's motion should have been granted. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.