■ JASON STERN et al., Respondents, v MADISON SQUARE GARDEN CORPORATION et al., Appellants. [641 NYS2d 41] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Garry, J.), dated March 8, 1995, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Madison Square Garden Corporation.

Ordered that the appeals by the defendants New York Rangers and New Jersey Devils are dismissed, as these defendants are not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Madison Square Garden Corporation, on the law, the motion for summary judgment is granted in its entirety, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendants are awarded one bill of costs.

The infant plaintiff allegedly sustained injuries when he was struck in the face by a puck during the pregame warmup of a hockey game between the New York Rangers (hereinafter the Rangers) and the New Jersey Devils (hereinafter the Devils) at Madison Square Garden (hereinafter the Garden). The plaintiffs commenced this action against the Rangers, the Devils, and the Garden. The Supreme Court granted summary judgment to the Rangers and the Devils but denied summary judgment to the Garden. The Garden appealed from so much of the order as denied summary judgment to it.

It is well settled that an owner or occupier of land is under a duty to exercise reasonable care under the circumstances to prevent injury to those present on the property. In the context of sporting facilities, the proprietor of the facility need only provide screening or other safety devices for the area of the facility where the danger of injury to spectators is greatest, and that screening must provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game (*see, Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331; *Rosa v County of Nassau*, 153 AD2d 618, 619; *Clark v Goshen Sunday Morning Softball League*, 122 AD2d 769). Under the circumstances of the present case, we find, as a matter of law, that the protective plexiglass employed in this case satisfied the duty of care owed by the Garden to the infant plaintiff. Moreover, the Garden did not assume a further duty to the infant plaintiff when an usher directed the infant plaintiff to move from an area directly behind the plexiglass to an area on the steps where the subject accident occurred. Accordingly, summary judgment should have been granted to the Garden. Miller, J. P., Joy, Hart and Krausman, JJ., concur.