VIRGINIA HONOHAN et al., Appellants, v ROBERT TURRONE, JR., et al., Respondents. [747 NYS2d 543]

The plaintiff Virginia Honohan (hereinafter the plaintiff) was a spectator at a soccer game involving her daughter which was organized by the Town of Cortlandt (hereinafter the Town). She was standing on the sidelines watching the game in progress when she was struck in the head by a soccer ball kicked by the defendant Robert Turrone, Jr., a player warming up behind the spectator area. The defendant Town and the defendants Robert Turrone, Jr., and Robert Turrone separately

moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff assumed the risk of injury when she attended the game as a spectator based, inter alia, upon her deposition testimony that she was aware of players kicking and throwing balls on the sidelines.

In opposition, the plaintiffs submitted an affidavit from an expert stating that allowing players to warm up on the sidelines in and about the vicinity of spectators who were watching a soccer game did not meet with the "custom and practice to be followed regarding youth soccer leagues in the State of New York." The expert did not cite any recognized standard adopted by any specific organization or governmental entity nor specify where the purported "custom and practice" was in fact observed.

The defendants established their entitlement to judgment as a matter of law based upon the doctrine of assumption of the risk of an open and obvious condition (*see Morgan v State of New York,* 90 NY2d 471, 484-485; *Hernandez v Castle Hill Little League,* 256 AD2d 241; *Cannavale v City of New York,* 257 AD2d 462). The conclusory affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact as to whether the defendants unreasonably increased the inherent risks of injury of the game of soccer (*cf. Muniz v Warwick School Dist.,* 293 AD2d 724; *Baker v Briarcliff School Dist.,* 205 AD2d 652).

Accordingly, the defendants' motions for summary judgment were properly granted. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.