■ BRENDAN SPARKS et al., Appellants, v STERLING DOUBLE-DAY ENTERPRISES, LP, Respondent. [752 NYS2d 79] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Emerson, J.), entered October 4, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff allegedly sustained injuries when, while in the Shea Stadium stands, he was struck by a baseball hit during batting practice. Contrary to the plaintiffs' contention, by furnishing sufficient protective screening behind home plate where the danger of being struck by a baseball is the greatest, the defendant fulfilled its duty of care and cannot be held liable in negligence (*see Akins v Glens Falls City School Dist.,* 53 NY2d 325; *Lynch v Board of Educ. for Oceanside School Dist.,* 225 AD2d 741). The defendant is not required to be an insurer of the safety of spectators who choose to occupy unprotected areas (*see Davidoff v Metropolitan Baseball Club,* 61 NY2d 996, 998). Moreover, that the infant plaintiff was a member of a school marching band invited to participate in opening day ceremonies is of no moment (*see Stern v Madison Sq. Garden*

*Corp.,* 226 AD2d 444). The infant plaintiff was still a spectator who assumed the risk of his injuries (*see Honohan v Turrone,* 297 AD2d 705).

The plaintiffs' remaining contentions are without merit. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.