■ BEVERLY SUAREZ, Appellant, v HBQVB ATHLETIC ASSOCIATION, Respondent. [755 NYS2d 877] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), entered September 21, 2001, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for injuries she sustained at her daughter's softball game when she was struck by a foul ball while standing in an unprotected area in foul territory along the third base line. Even if the defendant could be considered a proprietor of the field who owed a duty to exercise reasonable care to prevent injury to spectators (*see Akins v Glens Falls City School Dist.,* 53 NY2d 325, 329 [1981]; *Stern v Madison Sq. Garden Corp.,* 226 AD2d 444, 445 [1996]), that duty was satisfied as the ball field had a fenced backstop behind home plate which provided an adequate protective area for spectators (*see Akins v Glens Falls City School Dist., supra* at 331; *Stern v Madison Sq. Garden Corp., supra* at 445; *Lynch v Board of Educ. for Oceanside School Dist.,* 225 AD2d 741 [1996]; *Clark v Goshen Sunday Morning Softball League,* 122 AD2d 769 [1986]). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a material issue of fact regarding the adequacy of the screened area or her ability to avail herself of such area (*see Clapman v City of New York,* 63 NY2d 669 [1984]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.