■ PINAKI RAY et al., Appellants, v HUDSON VALLEY STADIUM CORP. et al., Respondents, et al., Defendant. [760 NYS2d 232] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Dillon J.), dated May 31, 2002, as granted those branches of the separate motions of the defendants Hudson Valley Stadium Corp., Liscum McCormack & VanVoorhis, and Hudson Valley Renegades Baseball Club which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action, and that branch of the motion of the defendant Rohde, Soyka & Andrews Consulting Engineers, P.C., which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it as barred by documentary evidence, and (2) an order of the same court dated September 3, 2002, as granted that branch of the motion of the defendant Greater Southern Dutchess Chamber of Commerce which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

While watching a Hudson Valley Renegades minor league baseball game, the injured plaintiff, Pinaki Ray, allegedly sustained injuries when he was struck by a foul ball behind the dugout at Dutchess Stadium. The plaintiffs allege, inter alia, that the respondents were negligent in failing to provide proper protection to spectators at the stadium.

Contrary to the plaintiffs' contentions, by furnishing sufficient protective netting behind home plate where the danger of being struck by a baseball is the greatest, the proprietor of a ballpark fulfills its duty of care and cannot be held liable in negligence (*see Akins v Glens Falls City School Dist.*, 53 NY2d 325 [1981]; *Sparks v Sterling Doubleday Enters.*, 300 AD2d 467 [2002]). The operators of a ballpark are not insurers of the safety of spectators who choose to occupy unprotected seats

(*see Davidoff v Metropolitan Baseball Club,* 61 NY2d 996, 998 [1984]). Here, it is uncontroverted that the stadium had protective netting in the area behind home plate and extending up the foul lines to the dugouts. Thus, the injured plaintiff assumed the risk of injury (*see Sparks v Sterling Doubleday Enters., supra*).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.