■ COLLIN WOODLEY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 98161.) [761 NYS2d 846] —In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from

an order of the Court of Claims (Patti, J.), entered June 24, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

By judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 9, 1990, the claimant was convicted of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). The judgment was affirmed by this Court (*see People v Woodley,* 178 AD2d 626 [1991]). Two of the counts of the indictment arose out of a sale of drugs in September 1988 (hereinafter the September 1988 counts), and the other two out of a sale in October 1988 (hereinafter the October 1988 counts). While incarcerated, an acquaintance came forward and confessed to the drug sales, and said that it was his voice on a tape of the October sale. The claimant moved to vacate the judgment pursuant to CPL 440.10 (1) (g). By order dated March 12, 1998, the Supreme Court, Suffolk County (Mullen, J.), dismissed the October 1988 counts pursuant to CPL 440.10 (1) (g), and dismissed the September 1988 counts pursuant to CPL 210.40, in the interest of justice, on the ground that even if convicted at a new trial, the claimant had already served the maximum sentence. The claimant commenced this action against the State of New York to recover damages for unjust conviction and imprisonment. The Court of Claims granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action. We affirm.

On appeal, the claimant contends that the Court of Claims erred in granting the defendant's motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action on the ground that the dismissal of the September 1988 charges "in the interest of justice" precluded his recovery under the Court of Claims Act. Contrary to the claimant's contentions, the claim does not satisfy the pleading requirements of Court of Claims Act § 8-b (3) (b), as the dismissal of the September 1988 counts "in the interest of justice" was not based on any of the grounds set forth in the statute or premised on any likelihood of innocence, but on the ground that the claimant, even if convicted in a new trial, had already served his maximum sentence (*see* Court of Claims Act § 8-b [3] [b] [ii]; *Ivey v State of New York,* 80 NY2d 474, 479 [1992]; *Reed v State of New York,* 78 NY2d 1 [1991]; *Pough v State of New York,* 203 AD2d 543 [1994]).

The claimant's remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.