■ GIACINTO V. PIRA, Appellant, v STERLING EQUITIES, INC., Doing Business as NEW YORK METROPOLITANS, et al., Respondents. [790 NYS2d 551]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated June 11, 2003, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when, while three to five rows back from the field in the Shea Stadium stands, he was struck by a baseball that had been tossed casually to fans as a souvenir by the defendant Dennis Cook, a Mets pitcher, after he completed his pre-game warmup routine. The defendants are not insurers of the safety of spectators who occupy unprotected areas of the stadium (*see generally Akins v Glens Falls City School Dist.*, 53 NY2d 325 [1981]). Since it is not unusual for a player to toss a ball into the stands, the plaintiff assumed the risk of his injuries (*see Sparks v Sterling Doubleday Enters.*, 300 AD2d 467 [2002]; *Honohan v Turrone*, 297 AD2d

705 [2002]; *see also Dalton v Jones,* 260 Ga App 791 [2003]). Therefore, the Supreme Court correctly determined that the defendants established their entitlement to judgment as a matter of law based upon the doctrine of assumption of the risk (*see Morgan v State of New York,* 90 NY2d 471 [1997]; *Honohan v Turrone, supra*). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants unreasonably increased the inherent risks to spectators associated with the game of baseball (*see Honohan v Turrone, supra*).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Spolzino, JJ., concur.