■ JUDITH ROSENFELD, Appellant, v HUDSON VALLEY STADIUM CORP. et al., Defendants, and LISCUM, McCORMACK & VANVOORHIS et al., Respondents. [885 NYS2d 338]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 15, 2008, as granted that branch of the motion of the defendant Liscum, McCormack & VanVoorhis which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the motion of the defendant Keystone Professional Baseball Club, doing business as Hudson Valley Renegades, which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the plaintiff's complaint insofar as asserted against it, and granted that branch of the motion of the defendant County of Dutchess which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained injuries when she was struck by a foul ball while seated in a picnic area located within a minor league baseball stadium. She commenced this action against, among others, the defendants Liscum, McCormack & VanVoorhis (hereinafter LMV), the architect that designed the stadium, the County of Dutchess, which owns the stadium, and the Keystone Professional Baseball Club, doing business as Hudson Valley Renegades (hereinafter Keystone), which leased the stadium from the County. LMV filed an answer and made a motion pursuant to CPLR 3212, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Keystone and the County made separate motions, among other things, pursuant to CPLR 3211 (a) (7), inter alia, to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court granted the three motions.

"[T]he proprietor of a ball park need only provide screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest" and, as long as such screening is "of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game," the proprietor "fulfills the duty of care imposed by law and, therefore, cannot be liable in negligence" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331 [1981]; *see Haymon v Pettit*, 9 NY3d 324, 328-330 [2007]; *Davidoff v Metropolitan Baseball Club*, 61 NY2d 996, 997-998 [1984]). Since the plaintiff did not allege that she was struck in the area behind home plate or that the screening was not sufficient to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game, she has failed to state a cause of action (*see Akins v Glens Falls City School Dist.*, 53 NY2d at 331; *Ray v Hudson Val. Stadium Corp.*, 306 AD2d 264 [2003]). Accordingly, the Supreme Court properly granted those branches of the motions of Keystone and the County which were to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (7). For the same reason, LMV established its entitlement to summary judgment dismissing the complaint insofar as asserted against it and, in opposition, the plaintiff has failed to raise a triable issue of fact (*see Procopio v Town of Saugerties*, 20 AD3d 860 [2005]; *Wade-Keszey v Town of Niskayuna*, 4 AD3d 732 [2004]; *Suarez v HBQVB Athletic Assn.*, 303 AD2d 396 [2003]). Accordingly, the Supreme Court properly granted that branch of LMV's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Fisher, Leventhal and Lott, JJ., concur.