■ DIANE STREICHLER et al., Appellants, v PLAINVIEW/OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Respondent, et al., Defendant. [918 NYS2d 883]—

"[T]he proprietor of a ball park need only provide screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest" and, as long as such screening is "of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game," the proprietor "fulfills the duty of care imposed by law and, therefore, cannot be liable in negligence" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331 [1981]; *see Haymon v Pettit*, 9 NY3d 324, 328-330 [2007]; *Rosenfeld v Hudson Val. Stadium Corp.*, 65 AD3d 1117, 1118 [2009]). After the plaintiffs commenced this action to recover damages for personal injuries, the defendant Plainview/Old Bethpage Central School District (hereinafter the defendant) moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it provided screening for the area of the field behind the home plate and parts of the baselines, and that the plaintiff assumed the risk of injury by failing to avail herself of the protected area (*see Gilchrist v City of Troy*, 67 NY2d 1034, 1036 [1986]; *Koenig v Town of Huntington*, 10 AD3d 632, 633 [2004]; *Clark v Goshen Sunday Morning Softball League*, 122 AD2d 769, 770 [1986]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.