■ VINCENT TARANTINO, Appellant, v QUEENS BALLPARK COMPANY, LLC, et al., Respondents, et al., Defendant. [1 NYS3d 216]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dufficy, J.), dated April 3, 2013, as granted that branch of the motion of the defendants Queens Ballpark Company, LLC, Sterling Mets, L.P., Sterling Mets Operations, LLC, Sterling Project Development Group, LLC, Sterling Equities, Inc., New York City Industrial Development Agency, and City of New York which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendants Queens Ballpark Company, LLC, Sterling Mets, L.P., Sterling Mets Operations, LLC, Sterling Project Development Group, LLC, Sterling Equities, Inc., and City of New York, granted that branch of the cross motion of the defendants Aramark Sports and Entertainment Group, LLC, Aramark Sports and Entertainment Services, LLC, and Aramark Sports, LLC, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, granted that

branch of the motion of the defendants Hok Group, Inc., Populous Group, LLC, and Populous Architects, P.C., which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly sustained injuries when he was struck by a foul ball during a New York Mets baseball game at Citi Field. He alleged that, at the time of the incident, he was seated at a table inside of a luxury suite with the windows open. He commenced this action against, among others, the defendants Queens Ballpark Company, LLC, Sterling Mets, L.P., Sterling Mets Operations, LLC, Sterling Project Development Group, LLC, Sterling Equities, Inc., and City of New York (hereinafter collectively the Mets defendants), Aramark Sports and Entertainment Group, LLC, Aramark Sports and Entertainment Services, LLC, and Aramark Sports, LLC (hereinafter collectively the Aramark defendants), and Hok Group, Inc., Populous Group, LLC, and Populous Architects, P.C. (hereinafter collectively the Hok Group defendants), alleging that his injuries were caused by the defendants' negligence with respect to the design, construction, operation, maintenance, management, control, and supervision of the subject premises. The Mets defendants, together with the defendant New York City Industrial Development Agency (hereinafter the NYCIDA), moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the Aramark defendants cross-moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Additionally, the Hok Group defendants moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and the plaintiff cross-moved for leave to amend the complaint to add certain party defendants. The Supreme Court granted that branch of the Mets defendants' motion, made together with the NYCIDA, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the Mets defendants, that branch of the Aramark defendants' cross motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them, and that branch of the Hok Group defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In addition, it denied the plaintiff's cross motion for leave to amend the complaint.

"[I]n the exercise of reasonable care, the proprietor of a ball park need only provide screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest" (*Akins v Glens Falls City School Dist.*, 53 NY2d 325, 331 [1981]; *see Rosenfeld v Hudson Val. Stadium Corp.*, 65 AD3d 1117, 1118 [2009]). So long as such screening "is 'of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game,' the proprietor 'fulfills the duty of care imposed by law and, therefore, cannot be liable in negligence' " (*Rosenfeld v Hudson Val. Stadium Corp.*, 65 AD3d at 1118, quoting *Akins v Glens Falls City School Dist.*, 53 NY2d at 331).

Here, the complaint alleged that the plaintiff was struck by a ball while seated in a luxury suite on the "Empire Level" of the premises, "located behind home plate," while the windows were open. The plaintiff did not allege that he was seated at field level, or in the area of the field behind home plate when he was struck, or that the defendants failed to provide screening of a sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire seating in the area of the field behind home plate in the course of an ordinary game. Thus, the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]; *Akins v Glens Falls City School Dist.*, 53 NY2d at 331; *Rosenfeld v Hudson Val. Stadium Corp.*, 65 AD3d at 1118). Moreover, although a plaintiff may remedy defects in a complaint by submitting an affidavit in opposition to a motion to dismiss pursuant to CPLR 3211 (a) (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *Ferreira v Cellco Partnership*, 111 AD3d 777, 778 [2013]), here, the plaintiff's affidavit failed to do so. Rather, the affidavit, to which the plaintiff attached a seating chart, established that the plaintiff has no cause of action, as it demonstrated that he was not seated within the area of the field behind home plate (*see Davidoff v Metropolitan Baseball Club*, 61 NY2d 996, 997-998 [1984]; *Akins v Glens Falls City School Dist.*, 53 NY2d at 332; *Pira v Sterling Equities, Inc.*, 16 AD3d 396, 396-397 [2005]; *Ray v Hudson Val. Stadium Corp.*, 306 AD2d 264, 264-265 [2003]; *Sparks v Sterling Doubleday Enters.*, 300 AD2d 467, 467-468 [2002]; *cf. Correa v City of New York*, 66 AD3d 573, 574-575 [2009]; *see generally Rovello v Orofino Realty Co.*, 40 NY2d at 636; *Edmar Creations v Instrument Sys. Corp.*, 74 AD2d 632, 632 [1980]). Accordingly, the Supreme Court properly granted that branch of the Mets defendants' motion, made together with the NYCIDA, which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the Mets defendants, that branch of the Aramark defendants' cross motion which was pursuant to CPLR

3211 (a) to dismiss the complaint insofar as asserted against them, and that branch of the Hok Group defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. Additionally, the Supreme Court properly denied the plaintiff's cross motion for leave to amend the complaint to add certain party defendants, since the proposed amendment was palpably insufficient and patently devoid of merit (*see* CPLR 3025 [b]; *DiNardo v Patcam Serv. Sta.*, 228 AD2d 543, 543-544 [1996]). Leventhal, J.P., Hall, Austin and Roman, JJ., concur. 