■ ABDULLAH WILSON, Also Known as GEORGE WILSON, Appellant, v STATE OF NEW YORK, Respondent. [7 NYS3d 217]—

In a claim to recover damages for unjust conviction and imprisonment pursuant to Court of Claims Act § 8-b, the claimant appeals from an order of the Court of Claims (Weinstein, J.), dated March 19, 2013, which granted the defendant's motion to dismiss the claim for failure to state a cause of action and denied his cross motion for leave to amend the claim.

Ordered that the order is affirmed, with costs.

By judgment rendered November 15, 1995, in the Supreme Court, Queens County, the claimant was convicted of robbery in the second degree. The judgment was affirmed by this Court

(*see People v Wilson*, 272 AD2d 633 [2000]). The claimant thereafter commenced a habeas corpus proceeding in the United States District Court for the Eastern District of New York (hereinafter the District Court), asserting that he had been deprived of the effective assistance of trial counsel. Following a hearing during which trial counsel testified as to his decision-making during the course of the criminal trial, the District Court denied the petition (*see Wilson v Mazzuca*, 2007 WL 952037, 2007 US Dist LEXIS 22492 [ED NY, Mar. 28, 2007, No. CV-01-2246 (DGT)]). On appeal, the United States Court of Appeals for the Second Circuit reversed the judgment of the District Court, and remanded the case to the District Court, directing that, "[o]n remand, the District Court shall issue a writ of habeas corpus to Wilson by the sixtieth calendar day after the issuance of our mandate unless the District Attorney of Queens County has, by that point, taken concrete and substantial steps expeditiously to retry Wilson" (*Wilson v Mazzuca*, 570 F3d 490, 508 [2009]). The People subsequently moved in the Supreme Court, Queens County, to dismiss the indictment in the interest of justice, explaining that the claimant had completely served his time and had been discharged from parole, and that there was, therefore, nothing to be gained by retrying the case. That motion was granted. The claimant then commenced this claim against the State of New York to recover damages for unjust conviction and imprisonment. The Court of Claims granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the claim for failure to state a cause of action. We affirm.

Contrary to the claimant's contentions, the claim does not satisfy the pleading requirements of Court of Claims Act § 8-b (3) (b), as the dismissal of the indictment was not based on any of the grounds set forth in the statute or premised on any likelihood of innocence (*see Ivey v State of New York*, 80 NY2d 474 [1992]; *Leka v State of New York*, 16 AD3d 557 [2005]), but on the ground that the claimant, even if convicted in a new trial, had already served his sentence (*see Woodley v State of New York*, 306 AD2d 524 [2003]). The claimant's assertion that the hearing held in the District Court on his petition for a writ of habeas corpus constituted "newly discovered evidence" is without merit, since all of the facts underlying his ineffective assistance of counsel claim were in existence at the time of the criminal trial.

In addition, the Court of Claims properly denied the claimant's cross motion for leave to amend the claim, since the proposed amendment was palpably insufficient and patently

devoid of merit (see *Tarantino v Queens Ballpark Co., LLC*, 123 AD3d 1105 [2014]). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.