◼ MARK SCHEIDELMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 126104.) [57 NYS3d 796]—

Appeal from an order of the Court of Claims (Francis T. Collins, J.), entered April 5, 2016. The order, among other things, granted defendant's motion to dismiss the claim.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Claimant commenced this action pursuant to Court of Claims Act § 8-b, seeking damages based upon allegations that he was unjustly imprisoned by defendant, State of New York (State). He now appeals from an order granting the State's motion to dismiss the claim. We affirm.

Claimant was previously convicted of sexual abuse in the first degree (Penal Law § 130.65 [3]), based on an indictment alleging that he, "on or about November 11, 2012, in the County of Oneida, Town of Trenton, did subject another person to sexual contact . . . , when the other person was less than eleven years old, to wit: a male born on October 22, 2002." On appeal from the judgment of conviction, this Court concluded that the verdict of guilty comported with the weight of the evidence, but we reversed the judgment of conviction based on several instances of prosecutorial misconduct, and granted a new trial (People v Scheidelman, 125 AD3d 1426, 1427-1429 [2015]). After the matter was remitted to County Court, the parties entered into a plea agreement whereby claimant was permitted to plead guilty to one count of endangering the welfare of a child (§ 260.10 [1]), as charged in a misdemeanor information. That plea satisfied the sexual abuse charge in the indictment, which was then dismissed. The misdemeanor information alleged that claimant, "on or about November 11, 2012, in the County of Oneida, Town of Trenton, . . . did act in a manner likely to be injurious to the physical, moral or mental welfare of a child, To wit: a male born on October 22, 2002."

Under section 8-b of the Court of Claims Act, an unjustly convicted defendant may recover damages where the "judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the [judgment] of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of [certain enumerated grounds, including, as relevant here,] paragraph . . . (b) . . . of subdivision one of section 440.10 of the criminal procedure law" (§ 8-b [3] [b] [ii]). Insofar as relevant here, CPL 440.10 provides for vacatur of a judgment on the ground that "[t]he

judgment was procured by duress, misrepresentation or fraud on the part of . . . a prosecutor or a person acting for or in behalf of a . . . prosecutor" (CPL 440.10 [1] [b]).

Pursuant to Court of Claims Act § 8-b (4), a claim must "state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument . . . and (b) he did not by his own conduct cause or bring about his conviction." "[T]he 'linchpin' of the statute is innocence" (*Ivey v State of New York*, 80 NY2d 474, 479 [1992]) and, thus, "if it appears that the claimant will not be able either to establish his innocence or to demonstrate that conviction was not the result of 'his own conduct', the claim must be dismissed" (*Britt v State of New York*, 260 AD2d 6, 8 [1999], *lv denied* 95 NY2d 753 [2000]). Consequently, in order "[t]o defeat a motion to dismiss, the statute places the burden on the claimant to provide the requisite documentary evidence" establishing that the judgment of conviction was reversed and the indictment was dismissed pursuant to one of the grounds listed in section 8-b (3) (b) of the Court of Claims Act (*Guce v State of New York*, 224 AD2d 492, 493 [1996], *lv denied* 88 NY2d 805 [1996]; *see Pough v State of New York*, 203 AD2d 543, 543-544 [1994], *lv denied* 85 NY2d 803 [1995]). Furthermore, " '[t]he allegations in the claim must be of such character that, if believed, they would clearly and convincingly establish the elements of the claim, so as to set forth a cause of action' " (*Warney v State of New York*, 16 NY3d 428, 435 [2011]).

Here, the claim establishes that claimant pleaded guilty to another charge in satisfaction of the indictment underlying the alleged unjust conviction, and nothing in the plea minutes establishes that the misdemeanor to which claimant pleaded guilty involved a separate incident. To the contrary, the allegations in the claim support only the inference that claimant pleaded guilty to a lesser charge involving the same alleged conduct that gave rise to the initial conviction, and claimant's assertion that he pleaded guilty to a wholly separate offense "cannot be determined from the record" (*David W. v State of New York*, 27 AD3d 111, 117 [2006], *lv denied* 7 NY3d 709 [2006]). We therefore conclude that the claim does not satisfy the pleading requirements of Court of Claims Act § 8-b (3) (b), because the evidence submitted in conjunction with the claim establishes that the dismissal of the indictment was based on the plea to the misdemeanor, and was not based on any of the grounds set forth in the statute (*see Wilson v State of New York*, 127 AD3d 743, 744 [2015], *lv denied* 25 NY3d 913 [2015];

*Woodley v State of New York*, 306 AD2d 524, 525 [2003]). In addition, although this Court reversed claimant's judgment of conviction on the ground of prosecutorial misconduct, that misconduct does not rise to the level of prosecutorial misrepresentation or fraud, as required by section 8-b (3) (b) and the applicable subdivisions of CPL 440.10 (*cf. Baba-Ali v State of New York*, 19 NY3d 627, 633-634 [2012]). Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.