Spillane v Hofstra Univ. (2023 NY Slip Op 04332)

Spillane v Hofstra Univ.

2023 NY Slip Op 04332

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-08968
 (Index No. 6063/16)

[*1]Nickolas Spillane, respondent,
v
Hofstra University, appellant.

Troutman Pepper Hamilton Sanders, LLP, New York, NY (Aurora Cassirer, Angelo A. Stio III, and Samuel D. Harrison of counsel), for appellant.
Louis J. Cerrato, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered June 24, 2020. The order, insofar as appealed from, upon reargument, vacated an order of the same court (Karen V. Murphy, J.), entered September 24, 2019, granting the defendant's motion for summary judgment dismissing the complaint, and thereupon, in effect, denied the defendant's motion.
ORDERED that the order entered June 24, 2020, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries after he allegedly was injured while a spectator at a college lacrosse game held on the campus of the defendant, Hofstra University. The plaintiff, who was eight years old at the time of the accident, allegedly was hit by a lacrosse ball that flew off of the playing field during the warmup period before the game. The defendant moved for summary judgment dismissing the complaint, and in an order entered September 24, 2019, the Supreme Court granted the motion. The plaintiff thereafter moved for leave to reargue his opposition to the defendant's motion for summary judgment. In an order entered June 24, 2020, the court granted leave to reargue and, upon reargument, vacated the September 24, 2019 order, and thereupon, in effect, denied the defendant's motion for summary judgment. The defendant appeals.
"It is well settled that an owner or occupier of land is under a duty to exercise reasonable care under the circumstances to prevent injury to those present on the property" (Stern v Madison Sq. Garden Corp., 226 AD2d 444, 445). "In the context of sporting facilities, the proprietor of the facility need only provide screening or other safety devices for the area of the facility where the danger of injury to spectators is greatest, and that screening must provide adequate protection for as many spectators as may reasonably be expected to desire such seating in the course of an ordinary game" (id. at 445; see Akins v Glens Falls City School Dist., 53 NY2d 325, 331).
Here, the defendant was not entitled to summary judgment on the basis that it satisfied its duty to the plaintiff as a spectator at the lacrosse game. The defendant did not demonstrate, prima facie, that it "provide[d] screening or other safety devices for the area of the facility where the danger [*2]of injury to spectators [was] greatest" (Stern v Madison Sq. Garden Corp., 226 AD2d at 445). The defendant provided no evidence as to where in a lacrosse facility the danger to spectators would be the greatest. As such, it did not establish that the netting that was present on the day of the plaintiff's injury protected the area "where the danger of injury to spectators [was] greatest" (id.).
"Under the doctrine of primary assumption of the risk, a person who chooses to engage in certain recreational or athletic activities consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (M.F. v Jericho Union Free Sch. Dist., 172 AD3d 1056, 1057 [internal quotation marks omitted]). "When a plaintiff assumes the risk of participating in a sporting event, the defendant is relieved of legal duty to the plaintiff; and being under no duty, . . . cannot be charged with negligence" (id. at 1057 [internal quotation marks omitted]). "The doctrine applies when a consenting participant in a qualified activity is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (id. [internal quotation marks omitted]). "The doctrine of primary assumption of the risk applies not only to participants in a qualified activity, but also to bystanders or spectators who have placed themselves in close proximity to it, particularly where the record shows that the plaintiff had viable alternatives to [his or] her own location" (id. at 1058 [internal quotation marks omitted]). "[T]he spectator at a sporting event, no less than the participant, accepts the dangers that inhere in it so far as they are obvious and necessary" (id. [internal quotation marks omitted]).
To prevail on a motion for summary judgment based on an assumption of the risk defense, a defendant must "demonstrate, prima facie, that the injury-causing events were known, apparent or reasonably foreseeable consequences of attending" the sporting event (Abato v County of Nassau, 65 AD3d 1268, 1269 [internal quotation marks omitted]). "[T]he application of the assumption of risk doctrine in assessing the duty of care owed by an owner or operator of a sporting facility requires that the participant have not only knowledge of the injury-causing defect but also appreciation of the resultant risk" (Morgan v State of New York, 90 NY2d 471, 485-486 [internal quotation marks omitted]). This "awareness of risk is not to be determined in a vacuum" (id. at 486
[internal quotation marks omitted]). "It is, rather, to be assessed against the background of the skill and experience of the particular plaintiff" (id. [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the complaint based on the doctrine of assumption of the risk. The defendant did not establish whether the plaintiff's particular background and experience was such that he appreciated the consequences of standing where he did during the warmup period for the college lacrosse game (see id. at 485-486; Abato v County of Nassau, 65 AD3d at 1269).
Because the defendant did not meet its prima facie burden on its motion for summary judgment, denial of the motion upon reargument was warranted regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly, upon reargument, vacated the prior order, and thereupon, in effect, denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., MILLER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court