Swanson v Queens Ballpark Co., LLC (2026 NY Slip Op 01392)

Swanson v Queens Ballpark Co., LLC

2026 NY Slip Op 01392

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07902
 (Index No. 716592/19)

[*1]Alexander Swanson, appellant, 
vQueens Ballpark Company, LLC, et al., respondents.

Kaplan & Kaplan, Brooklyn, NY (Cary Hunter Kaplan of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY (Benjamin D. Greenfield and Larry H. Lum of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated May 14, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while attending a Mets game at Citi Field when one of the projectiles fired into the crowd during a "t-shirt launch" event struck him in the eye. Immediately prior to the accident, the plaintiff had moved to the front row of his section to improve his chances of obtaining a t-shirt, although he was still apparently 30 to 40 feet away from the launcher. The plaintiff acknowledged that he had previously attended approximately 100 Mets games and regularly attempted to catch t-shirts during similar events.
After the accident, the plaintiff commenced this action to recover damages for personal injuries. Following discovery, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff was barred from recovery pursuant to the doctrine of primary assumption of risk. In an order dated May 14, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"[A]n owner of a baseball field is not an insurer of the safety of its spectators" but "[r]ather, like any other owner or occupier of land, it is only under a duty to exercise reasonable care under the circumstances to prevent injury to those who come to watch the games played on its field" (Akins v Glens Falls City School Dist., 53 NY2d 325, 329 [internal quotation marks omitted]; see Spillane v Hofstra Univ., 219 AD3d 774).
"Under the doctrine of primary assumption of the risk, a person who chooses to engage in certain recreational or athletic activities consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (M.F. v Jericho Union Free Sch. Dist., 172 AD3d 1056, 1057 [internal quotation marks omitted]). "When a plaintiff assumes the risk of participating in a sporting event, the defendant is relieved of legal duty to the plaintiff; and being under no duty, he cannot be charged [*2]with negligence" (id. [internal quotation marks omitted]). "The doctrine applies when a consenting participant in a qualified activity is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (id. [internal quotation marks omitted]). "The doctrine of primary assumption of the risk applies not only to participants in a qualified activity, but also to bystanders or spectators who have placed themselves in close proximity to it, particularly where the record shows that the plaintiff had viable alternatives to [his or] her own location" (Spillane v Hofstra Univ., 219 AD3d at 776 [internal quotation marks omitted).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was a consenting participant in the Mets game, as well as in the t-shirt launch event, he had an appreciation of the nature of the risks involved by virtue of his prior attendance of Mets games and participation in similar t-shirt launch events, and he voluntarily assumed those associated risks in this case (see Comunale v Sachem Cent. Sch. Dist., 226 AD3d 962, 964; M.F. v Jericho Union Free Sch. Dist., 172 AD3d at 1058; Cohen v Sterling Mets, L.P., 17 Misc 3d 218, 219-220 [Sup Ct, Queens County], affd 58 AD3d 791). The defendants also established, prima facie, that they did not unreasonably increase the risk of being struck by a projectile during the t-shirt launch event and that their conduct was not intentional or reckless (see McKay v Rockland Gaelic Athletic Assn., Inc., 187 AD3d 888, 889-890; cf. E.Z. v Hewlett-Woodmere Union Free Sch. Dist., 227 AD3d 1038, 1039-1040). In opposition, the plaintiff failed to raise a triable issue of fact (see Krzenski v Southampton Union Free Sch. Dist., 173 AD3d 725, 726).
The plaintiff's remaining contentions either are not properly before this Court or need not be reached in light of the foregoing.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court